Staten v. Patrolmen's Benevolent Ass'n

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand eighteen.

PRESENT:
**BARRINGTON D. PARKER,**
**PETER W. HALL,**
**RAYMOND J. LOHIER, JR.,**
*Circuit Judges.*

———————————————————————

**Claude A. Staten,**

*Plaintiff-Appellant*,

v.                                                                          17-3764

**Patrolmen's Benevolent Association of the City of New York, Inc.,**

*Defendant-Appellee*,

**Patrick J. Lynch, P.B.A. President, Joseph A. Alejandro, P.B.A. Chairman of the Law Committee,**

*Defendants*.

———————————————————————

**FOR PLAINTIFF-APPELLANT:**                    Claude A. Staten, pro se, Middletown, NY.

**FOR DEFENDANTS-APPELLEES:**          Michael T. Murray, Andrew J. Dempster, Office of the General Counsel of the Patrolmen's Benevolent Association of the City of New York, New York, NY; John J.P. Howley, The Howley Law Firm, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Claude A. Staten, pro se, sued his union, the Patrolmen's Benevolent Association ("PBA"), for breach of contract, violation of the duty of fair representation, and discrimination and retaliation under Title VII of the Civil Rights Act of 1964. The district court dismissed Staten's complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013).

The district court correctly dismissed Staten's breach of contract claim. A union member may sue his union for breach of a collective-bargaining agreement ("CBA"). *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 374 (1990). But the union member "must be able to point to language in the collective-bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees." *Id.* Staten did not cite any language from the CBA that obligated the PBA to provide legal representation to him in his discrimination lawsuits against the police department. Staten argues he alleged facts that stated the elements of a breach of contract claim and points to the PBA's website, which listed the legal

benefits the PBA offered active-duty police officers, to show that the CBA provides for his legal representation. As the district court observed, however, these benefits do not include representation in affirmative discrimination suits against the police department.

The district court properly dismissed Staten's duty of fair representation claim as untimely. There is a six-month statute of limitations for duty of fair representation claims. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 155, 172 (1983). The PBA denied Staten's request for representation in August 2015, eleven months before he filed his original district court complaint in July 2016. Staten argues that the PBA's actions were part of a continuous violation and that his lawsuit was therefore timely. But the continuous violation doctrine, which permits a plaintiff to raise challenges to otherwise time-barred events because they are a part of a pattern of illegal activity, does not apply to duty of fair representation claims. *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir. 1995).

Finally, the district court properly dismissed Staten's Title VII claims for failure to exhaust administrative remedies. Before a plaintiff can file a federal court complaint under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC and receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(e), (f)(1). Staten failed to obtain a right-to-sue letter before filing his original and amended complaints. He filed his original complaint on July 1, 2016, the day after he filed his first EEOC charge against the PBA. Similarly, the amended complaint was filed on January 13, 2017, and his second EEOC charge against the PBA was filed on January 11, 2017. Staten argues that he received two right-to-sue letters, which are dated May 2014 and March 2016, respectively. Both letters predated his first EEOC charge against the PBA in June 2016. Therefore, neither of the EEOC charges to which those letters relate raised allegations against the

3

PBA, and they could not serve as the basis for the claims Staten raised in the district court.  *See*

*Holtz v. Rockefeller & Co.*, 258 F.3d 62, 83 (2d Cir. 2001) ("[A] plaintiff typically may raise in a

district court complaint only those claims that either were included in or are reasonably related to

the allegations contained in her EEOC charge." (internal quotation marks omitted)).  Although

Staten also argues that his Title VII claims are a part of a continuous violation, the timeliness of his

claims would not cure his failure to exhaust them.  *See id.* at 82–83 (affirming where district court

declined to dismiss claims on timeliness grounds, but instead dismissed for failure to exhaust

administrative remedies).

We have considered all of Staten's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4